

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RECEIVED
FEB 23 2016
U.S.C.A. 3rd. CIR

HAKIM WALKER,
          Plaintiff

      v.

GLOBAL AUTO PROCESSING SERVICES
PENNSYLVANIA, LLC, a subsidiary of GLOBAL
AUTO PROCESSING SERVICES INC.; and, GLOBAL
AUTO PROCESSING SERVICES, INC.,
          Defendants

CIVIL ACTION NO.:

**16    0895**

## COMPLAINT AND JURY DEMAND

### I.   INTRODUCTION

Plaintiff, Hakim Walker, claim of Defendants, Global Auto Processing Services Pennsylvania, LLC, a subsidiary of a Global Auto Processing Services, Inc.; and, Global Auto Processing Services, Inc., a sum in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

1.    This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendants of rights secured to Plaintiff by the laws of the United States of America.

2.    This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§1981), and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination, and retaliation with respect to his compensation, terms, conditions and privileges of employment by Defendant, based on his race (African

American).  Plaintiff also asserts clams for discrimination, retaliation, hostile work environment, and for aiding and abetting discrimination under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

## II.   **JURISDICTION AND VENUE**

3.    The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, Title 42 U.S.C. §2000e-5(f) and §1981, which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.    The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5.    The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

6.    All conditions precedent to the institution of this suit have been fulfilled. On December 16, 2015, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.  This action has been filed by the Plaintiff within ninety (90) days of receipt of said notice.  The Plaintiff has exhausted all other jurisdictional prerequisites to the maintenance of this action.

## III.   **PARTIES**

7.   Plaintiff, Hakim Walker, is an adult African-American citizen of the Commonwealth of Pennsylvania who resides therein at 6548 Grays Avenue, Philadelphia, Pennsylvania.

8. Defendant, Global Auto Processing Services Pennsylvania, LLC, a subsidiary of Global Auto Processing Services, Inc., was and is now a corporation duly organized and existing under the laws the Commonwealth of Pennsylvania with a place of business located at Pier 98 Annex 4 E. Oregon Ave., Philadelphia, Pennsylvania.

9. Defendant, Global Auto Processing Services, Inc., was and is now a corporation duly organized and existing under the laws the state of California with a principal place of business located at 567 W. Channel Islands Blvd., Suite 213, Port Hueneme, California. At all times material herein, Plaintiff worked in Defendant's Philadelphia, Pennsylvania office.

10. At all times relevant hereto, Defendants were acting through their agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendants.

11. At all times material herein, the Defendants have been a "person", "employer", "joint employer" and/or "agent" as defined under Title VII, §1981 and the PHRA, and are subject to the provisions of each said Act. With respect to Plaintiff's claims arising under the PHRA, the Defendants are "aiders and abettors" of discrimination as defined by said Act.

## IV.   STATEMENT OF CLAIMS

12. Plaintiff was hired by Defendants from on or about May 15, 2012 until on or about August 14, 2012, when he was terminated from his position of employment as a result of the racially-discriminatory, retaliatory and hostile employment practices complained of herein.

13.     During the course of his employment, Plaintiff held the position of Quality Control Inspector, and at the time of her termination was earning approximately $29,120.00 per annum, plus benefits.

14.     Throughout his tenure with Defendants, Plaintiff performed his job function in a dutiful, competent, and courteous manner.

15.     During the course of his employment, Plaintiff was subjected to instances of racial discrimination, differential disparate standards of treatment and a hostile work environment by Defendants' Operations Supervisor, Stephen Steeneberge ("Steeneberge ")(Caucasian), and Operations Manager, Raymond Blevins ("Blevins")(Caucasian).

16.     Instances of racial discrimination by Steeneberge against Plaintiff and other African-American co-workers included but were not limited to: often referring to black employees as "you people"; making insensitive racial comments such as: black installers working for the Respondent were "stupid" and that all "the blacks [here] were poor and from poverty stricken neighborhoods … and that some don't have houses and live in their cars"; comments that "if you want to hide something from a black man, put it in a book" because "they are too stupid to read"; and stereotypical comments such as, "Oh that big black guy must be a basketball player".

17.     In early August, 2012, Steeneberge was suspended following a registered complaint against him.  While at the facility to pick up paperwork, Steeneberge was overheard stating that he was suspended because "some black asshole filed a complaint against him".

- 4 -

18.    Defendants also treated Plaintiff and other African-American co-workers in a racially-disparate manner.  Instances of differential treatment included being exposed to unhealthy working conditions such as working around toxic carbon monoxide gas in the Defendants' Vehicle Processing Center where cars were consistently left running.

19.    In or about July, 2012, Plaintiff brought this to the attention of Blevins and Steeneberge after becoming ill on the job to which Blevins responded that Plaintiff needed to "toughen up".

20.    In addition, the Defendants' facility was not equipped with air conditioning but rather fans during the summer heat wave.  After repeated requests for the purchase of additional fans was denied, Steeneberge stated, "You should be used to this kind of weather" referring to Africans who live in warmer climates.

21.    Unlike Caucasian employees, Plaintiff and other African-American co-workers were forced to work their eight (8) hour shifts outside during that heat wave without being provided water or transportation to and from the worksite.

22.    Also, mandatory overtime was not forced upon Caucasian employees as it was upon Plaintiff and other African-American employees.

23.    During his employment, Plaintiff also learned of a noose appearing in the workplace.

24.    Plaintiff registered numerous complaints regarding the racially-hostile work environment to the Defendants' Human Resources Manager, Khaliah Devore ("Devore"), who reported his complaint as well as the sighting of the noose up the chain of command.

25.    Defendants thereafter failed to investigate the repeated complaints or take

any remedial action on behalf of Plaintiff and other African-American workers.

26.    On or about August 12, 2012, after working an overtime shift, Plaintiff advised Blevins that he was ill from the fumes and couldn't stay past his shift.  Blevins thereafter began to threaten and intimidate Plaintiff, who responded by saying that he was going to file a complaint of racial discrimination with Defendants' Human Resources department.

27.    The following day, Plaintiff called out sick and informed Blevins and Human Resources of the same.  He also went on to advise HR of the previous day's incident and other acts of racial discrimination perpetuated by Steeneberge and Blevins.

28.    On or about August 14, 2012, Plaintiff was terminated from his position of employment for allegedly failing to meet performance expectations during the Defendant's ninety (90) day introductory period.

29.    Prior thereto, Plaintiff was never informed of any type of performance deficiency nor was he ever written-up or verbally reprimanded for a performance issue.  In fact, Plaintiff was awarded with a gift certificate by his union supervisors for his stellar work performance.

30.    Further, Plaintiff consistently met production numbers which was evidenced by his efficiency ratings of over 100% daily.

31.    Plaintiff believes that he was terminated after having called out sick for three (3) consecutive days as a result of the toxic fumes he had been exposed to in the workplace.

32. Unlike Plaintiff, other similarly situated Caucasian employees who had not called or showed up for work were not terminated by Defendants.

33. Plaintiff believes and avers that he was terminated in retaliation for having registered complaints of unlawful acts of racial discrimination and to a hostile work environment perpetuated by Defendants and their negligence in conducting a legitimate investigation into the aforesaid complaints of racial discrimination and a hostile working environment.

## COUNT I
### (Title VII – Race Discrimination, Hostile Work Environment and Retaliation)
### Plaintiff v. Defendants

34. Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint as if fully set forth at length herein.

35. The actions of the Defendants through their agents, servants and employees, in subjecting Plaintiff to racial discrimination in the terms, conditions and privileges of his employment, to a hostile working environment, and in terminating Plaintiff's employment as a result of his race and in retaliation for opposing discrimination, constituted a violation of Title VII.

36. The Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

37. As a direct result of Defendants' willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and

interest due thereon.

## COUNT II
### (PHRA – Race Discrimination, Hostile Work Environment, Retaliation and Aiding and Abetting Discrimination)
### Plaintiff v. Defendants

38.    Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as if fully set forth at length herein.

39.    The actions of the Defendants through their agents, servants and employees, in subjecting Plaintiff to racial discrimination in the terms, conditions and privileges of his employment, to a hostile working environment, and in terminating Plaintiff's employment as a result of his race and in retaliation for opposing discrimination, constituted a violation of the PHRA.

40.    Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

41.    As a direct result of Defendants' willful and unlawful actions in violation of the PHRA Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT III
### (§1981- Hostile Work Environment)
### Plaintiff v. Defendants

42.    Plaintiffs incorporate by reference paragraphs 1 through 41 of this Complaint as if fully set forth at length herein.

- 8 -

43. The actions of the Defendants through their agents, servants and employees, in subjecting Plaintiff to a hostile working environment because of his race constituted violations of §1981.

44. The Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

45. As a direct result of Defendants' willful and unlawful actions in violation of §1981, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

46. Plaintiff repeats the allegations of paragraph 1 through 45 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiffs request this Court to enter judgment in their favor and against Defendants and order that:

(a) Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(c) Defendants pay to Plaintiff punitive damages pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.


HAKIM WALKER

By:    _Hak. Walker_

Hakim Walker
6548 Grays Avenue
Philadelphia, PA
*Pro se*

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Hakim Walker**<br>**6548 Grays Avenue**<br>**Philadelphia, PA 19142** | From: | **Cleveland Field Office**<br>**EEOC, AJC Fed Bldg**<br>**1240 E 9th St, Ste 3001**<br>**Cleveland, OH 44199** |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| **530-2013-01479** | **Brian R. Shelton,**<br>**Investigator** | | **(216) 522-4843** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Cheryl Mabry-Thomas,
Director

12/16/15
*(Date Mailed)*

Enclosures(s)

| cc: | **Elizabeth F. Walker**<br>**Attorney at Law**<br>**CAMPBELL, LIPSKI & DOCHNEY**<br>**2000 Market Street**<br>**Suite 1100**<br>**Philadelphia, PA 19103** | **Kevin I. Lovitz, Esq.**<br>**The Lovitz Law Firm**<br>**1700 Market Street**<br>**Suite 3100**<br>**Philadelphia, PA 19103** |
|---|---|---|

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*